Mark A. Feldman, State Bar No. 152476
Gustavo B. Mena Pacheco, State Bar No. 360764
FELDMAN & ASSOCIATES, INC.
11030 Santa Monica Blvd., Suite 109
Los Angeles, California 90025
Phone (310) 312-5401 Fax: (310) 312-5409
Email: mfeldman@feldmanandassoc.com
Email: bmena@feldmanandassoc.com
Attorneys for **AWI BUILDERS, INC.**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>KERI LEIGH McCREE and<br>CASEY JAMES McCREE,<br><br>Debtors.<br>_____<br><br>AWI BUILDERS, INC., a California<br>corporation,<br><br>Plaintiff,<br>v.<br>KERI LEIGH McCREE and<br>CASEY JAMES McCREE,<br><br>Defendants. | Adv. Case No.:_____<br>**CASE NO: 9:26-bk-10509-RC**<br><br>Chapter 7<br><br>**ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), (a)(4), AND (c)** |

**TO THE COURT AND TO ALL PARTIES IN INTEREST:**

AWI Builders, Inc. ("AWI" or "Plaintiff"), a creditor of the above-captioned debtors Keri Leigh McCree and Casey James McCree (collectively, "Debtors"), hereby objects to the entry of discharge in Debtors' chapter 7 bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(4), and 727(c), and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and alleges as follows.

-1-
**ADVERSARY COMPLAINT**

**INTRODUCTION**

1.      This is an action objecting to entry of discharge in the chapter 7 bankruptcy case of Debtors Keri Leigh McCree and Casey James McCree, Case No. 9:26-bk-10509-RC, pending in the United States Bankruptcy Court for the Central District of California.

2.      Debtors operated an income-producing rebar-placement business, at various times through Tri-County Rodbusters, Inc. and TCR Services, Inc. ("TCR"). While that business and Debtors personally were exposed to substantial creditor claims, including litigation by AWI Builders against TCR, Debtors caused the operations, customer relationships, and goodwill of that same business to be transferred to and continued through a newly formalized corporate entity, McRebar Reinforcing Inc. ("McRebar"), of which Debtors are the sole officers and directors and, on information and belief, the sole equity owners. A true and correct copy of McRebar's California Statement of Information, filed with the Secretary of State, is attached as **Exhibit A.**

3.      Approximately seven weeks after McRebar's Statement of Information was filed with the California Secretary of State, TCR filed its own chapter 7 petition (Case No. 9:26-bk-10278-RC), leaving TCR's debts behind while the ongoing rebar-placement business continued, uninterrupted, through McRebar. Approximately five weeks after that, Debtors filed the instant individual chapter 7 petition, seeking to discharge, among other debts, substantial obligations arising from TCR.

4.      Debtors' own schedules omit any disclosure of their ownership interest in McRebar and instead mischaracterize McRebar as a sole proprietorship, notwithstanding that McRebar is a duly incorporated California corporation with its own officers, directors, registered agent, and federal EIN.

5.      Debtors are not entitled to a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), and 727(a)(4)(A).

**JURISDICTION**

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727.

**ADVERSARY COMPLAINT**

7.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**VENUE**

8.    Venue is proper in this district under 28 U.S.C. § 1409, as this is the district in which Debtors' bankruptcy case is pending.

**PARTIES**

9.    Plaintiff AWI Builders, Inc. ("AWI") is, and at all relevant times was, a corporation organized under the laws of the State of California. AWI holds an unsecured claim against Debtors in the amount of $291,643.00, scheduled by Debtors on Schedule E/F as "Trade Debt - Attorney Fees," incurred on or about January 6, 2026. AWI's claim arises from a judgment entered in AWI's favor against TCR Services, Inc. in the action described in Paragraph 18(c) below, following TCR's loss on the merits in that litigation held in Los Angeles County Superior Court. That case involved rebar placement work performed by TCR, under a subcontract with AWI on a public works project. TCR and AWI brought cross-claims against one another, TCR lost, and AWI won a substantial judgment. That action is presently stayed as a result of TCR's bankruptcy filing and is acknowledged by the debtors in their petition.

10.    Debtor Keri Leigh McCree is an individual who, at all relevant times, resided at 295 Knoll Ridge Rd., Simi Valley, California 93065.

11.    Debtor Casey James McCree is an individual who, at all relevant times, resided at 295 Knoll Ridge Rd., Simi Valley, California 93065, and is the spouse of Debtor Keri Leigh McCree.

**FACTUAL ALLEGATIONS**

*A. Bankruptcy Filings related to this Action*

12.    On April 10, 2026 (the "Petition Date"), Debtors filed a voluntary joint petition for relief under chapter 7 of Title 11 of the United States Code, commencing Case No. 9:26-bk-10509-RC in this Court.

-3-
**ADVERSARY COMPLAINT**

13.  Debtors' Schedule E/F reflects total nonpriority unsecured claims of $1,015,838.08. Debtors' Schedules I and J reflect combined monthly income of $8,342.34 against monthly expenses of $11,307.33, a negative monthly net income of $(2,964.99).

14.  Debtors' Statement of Related Cases discloses that TCR Services Inc. filed a chapter 7 petition, Case No. 9:26-bk-10278-RC, on March 2, 2026 — approximately five weeks before Debtors filed the instant individual petition.

*B.  Debtors' Rebar-Placement Business and its Relation to this Action*

15.  AWI believes that both Debtors have both been in involved in the operation of both TCR and McRebar as both are listed as officers of McRebar's business.

16.  On information and belief, Debtors' rebar-placement business was, at various times, conducted through Tri-County Rodbusters, Inc., Advantage Reinforcing Inc., and TCR Services, Inc.

17.  Debtors' Statement of Financial Affairs discloses at least three lawsuits pending or concluded within one year before the Petition Date arising from that business, including: (a) Spartan Business Solutions, LLC v. Mcrebar Reinforcing Inc., d/b/a Mcrebar Reinforcing, Advantage Reinforcing Inc., Tri-County Rodbusters Inc., TCR Services, Inc., and Keri Leigh McCree, Supreme Court of the State of New York, County of Monroe, Case No. E2025014434 (pending); (b) Swift Financial, LLC, as servicing agent for WebBank, v. TCR Services, Inc. d/b/a Tri-County Rodbusters, Inc.; Tri-County Rodbusters, Inc.; Keri McCree d/b/a McRebar Reinforcing Inc.; McRebar Reinforcing, Inc. f/k/a TCR Services, Inc., Superior Court of California, County of Ventura, Case No. 202000543329CUPA (concluded); and (c) TCR Services Inc. v. Great American Insurance Company, a Corporation; The Hanover Insurance Company, a Corporation; AWI Builders, Inc., a Corporation and Does 1 through 100, Inclusive, Superior Court of California, County of Los Angeles, Case No. 20STLC02864 (concluded) — the action from which, on information and belief, Plaintiff AWI's scheduled claim arises, as described in Paragraph 9 above.

-4-
**ADVERSARY COMPLAINT**

18. The caption of the Swift Financial action shows "McRebar Reinforcing, Inc. f/k/a TCR Services, Inc." which suggests that McRebar is the same operating business as TCR, continued under a new corporate name. Any flow of funds from TCR to McRebar would have deprived the bankruptcy estate and creditors of assets and funds.

19. Based on the California Secretary of State's Statement of Information for McRebar, filed January 13, 2026 (File No. BA20260096363), McRebar's sole officers are Keri L. McCree (Chief Executive Officer, Secretary, and Chief Financial Officer) and Casey J. McCree (Vice President), and its sole directors are Keri L. McCree and Casey J. McCree. These are the same individuals who controlled TCR. McRebar's stated line of business, "Steel Placement," is the same business Debtors have operated under TCR.

20. McRebar's Statement of Information was filed with the California Secretary of State on January 13, 2026 — approximately seven weeks before TCR filed its chapter 7 petition on March 2, 2026, and approximately twelve weeks before Debtors filed the instant individual petition on April 10, 2026.

21. Debtors' own schedules confirm that Debtors continue to operate and derive income from the rebar-placement business through McRebar. Debtors' Schedule A/B lists "McRebar Reinforcing Inc." as a sole proprietorship business Debtor Keri Leigh McCree operates (Question 12), notwithstanding that McRebar is, in fact, a California corporation with its own registered agent for service of process, officers, directors, and EIN (83-3072666). Debtors' Schedule A/B also lists, as personal property, a business checking account styled "Chase Bank (Business - Mcrebar)" holding $8,422.00.

22. Despite disclosing McRebar as a business they operate, and despite disclosing 100% ownership of a separate, non-operating entity, Cali Rebar LLC, in response to Question 19 of Schedule A/B, Debtors did not disclose any ownership, membership, or stock interest in McRebar anywhere in their Schedule A/B, notwithstanding that Debtors are, on information and belief, the officers, directors, and owners of that corporation.

**ADVERSARY COMPLAINT**

*C. Debtors' Personal Liability for Debts of the Rebar-Placement Business*

23.   On information and belief, Debtors incurred these business-related obligations in connection with the rebar-placement business described above, while the ongoing, income-producing operations of that same business were continued through McRebar — an entity whose assets, income, and equity do not appear on Debtors' schedules and are accordingly beyond the reach of the chapter 7 trustee and Debtors' creditors, including Plaintiff.

24.   Debtors' Schedule I reflects that Debtor Casey James McCree has been self-employed in "Rebar Placement" for eight years, and Debtors' Statement of Financial Affairs reflects business income from that business, which suggests that the rebar-placement business has continued to generate substantial income for Debtors up to and including the Petition Date.

**FIRST CAUSE OF ACTION**

**(For a Determination That Debtors' Discharge Should Be Denied Pursuant to**

**11 U.S.C. § 727(a)(2)(A))**

25.   Plaintiff incorporates by reference the allegations in the above paragraphs as though set forth fully herein.

26.   Within one year before the Petition Date, Debtors transferred, removed, or concealed, or permitted to be transferred, removed, or concealed, their property, including the business operations, contracts, customer relationships, and/or goodwill of the rebar-placement business previously conducted through TCR, and their ownership interest in McRebar.

27.   As of the dates of such transfers, Debtors had one or more unsecured creditors, including the creditors identified in their petition and in this complaint.

28.   The transfer of Debtors' property to McRebar removed that property from the reach of Debtors' creditors and the bankruptcy estate.

29.   Upon information and belief, Debtors effected the transfers described above with the intent to hinder, delay, or defraud one or more of their creditors, as evidenced by,

-6-

**ADVERSARY COMPLAINT**

among other things: (a) the transfer of the operating business to an insider entity controlled entirely by Debtors; (b) the timing of the transfer, shortly before TCR's bankruptcy filing and Debtors' own bankruptcy filing; (c) Debtors' retention of control over, and continued receipt of income from, the transferred business; (d) Debtors' failure to disclose their ownership interest in the transferee entity; and (e) the substantial, unpaid business debts that Debtors now seek to discharge personally while the business itself continues to operate, unencumbered by those debts, through McRebar.

30.    By transferring or concealing, or permitting the transfer or concealment of, their property with the intent to hinder, delay, or defraud one or more creditors, Debtors violated 11 U.S.C. § 727(a)(2)(A), and their discharge should be denied.

## SECOND CAUSE OF ACTION

### (For a Determination That Debtors' Discharge Should Be Denied Pursuant to 11 U.S.C. § 727(a)(2)(B))

31.    Plaintiff incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

32.    On information and belief, since the Petition Date, Debtors have continued to operate the rebar-placement business through McRebar and to receive income and other benefits derived from property of the estate, including Debtors' equity interest in McRebar and the business opportunities, contracts, and goodwill associated with that entity, without disclosing or turning over such property to the chapter 7 trustee.

33.    As of the Petition Date, and continuing thereafter, Debtors had one or more unsecured creditors, including the creditors identified in this complaint.

34.    The concealment and retention of this property of the estate has prevented, and continues to prevent, the distribution of such property to Debtors' creditors.

35.    Upon information and belief, Debtors have concealed, and permitted the concealment of, property of the estate with the intent to hinder, delay, or defraud one or more of their creditors.

-7-
ADVERSARY COMPLAINT

36.    By concealing, or permitting the concealment of, property of the estate with the intent to hinder, delay, or defraud one or more creditors, Debtors violated 11 U.S.C. § 727(a)(2)(B), and their discharge should be denied.

### THIRD CAUSE OF ACTION

### (For a Determination That Debtors' Discharge Should Be Denied Pursuant to 11 U.S.C. § 727(a)(4)(A))

37.    Plaintiff incorporates by reference the allegations in the above paragraphs as though set forth fully herein.

38.    Debtors' Schedule A/B and Statement of Financial Affairs, filed under penalty of perjury, characterize McRebar as a sole proprietorship business operated by Debtor Keri Leigh McCree, when, in fact, McRebar is a California corporation with its own officers, directors, registered agent, and EIN.

39.    Debtors' Schedule A/B fails to disclose any ownership, membership, or equity interest held by either Debtor in McRebar, notwithstanding that Debtors are, on information and belief, McRebar's sole officers, directors, and equity owners.

40.    These omissions and mischaracterizations were made knowingly and fraudulently, in connection with Debtors' bankruptcy case, and are material because they concern the existence and disposition of Debtors' property and directly bear upon the discovery of assets and the diversion of the rebar-placement business described above.

41.    By knowingly and fraudulently making a false oath or account in connection with this case, Debtors violated 11 U.S.C. § 727(a)(4)(A), and their discharge should be denied.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Debtors as follows:

1.    That the Court deny Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

2.    That the Court deny Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(B);

3.    That the Court deny Debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

ADVERSARY COMPLAINT

4.      For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court deems just and proper.

DATED: July 6, 2026                    FELDMAN & ASSOCIATES, INC.


By: _____

Mark Feldman, Esq.
Gustavo Mena Pacheco, Esq.
Attorneys for **AWI BUILDERS, INC.**

**ADVERSARY COMPLAINT**

# Exhibit A



BA20260096363

B4322-3056 01/13/2026 5:09 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20260096363 |
| Date Filed: 1/13/2026 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | MCREBAR REINFORCING INC. |
| Entity No. | 4224673 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 2828 COCHRAN STREET<br>SUITE 510<br>SIMI VALLEY, CA 93065 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 2828 COCHRAN STREET<br>SUITE 510<br>SIMI VALLEY, CA 93065 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 2828 COCHRAN STREET<br>SUITE 510<br>SIMI VALLEY, CA 93065 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| ◼ Keri L McCree | 295 KNOLL RIDGE RD<br>SIMI VALLEY, CA 93065 | Chief Executive Officer, Secretary, Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| ◼ Casey J McCree | 295 KNOLL RIDGE RD<br>SIMI VALLEY, CA 93065 | Vice President | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| ◼ Keri L McCree | 295 KNOLL RIDGE RD<br>SIMI VALLEY, CA 93065 |
| ◼ Casey J McCree | 295 KNOLL RIDGE RD<br>SIMI VALLEY, CA 93065 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | LEGALCORP SOLUTIONS, INC<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Steel Placement |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Keri Leigh McCree*                                          *01/13/2026*

Signature                                                    Date

B4322-3057 01/13/2026 5:09 PM Received by California Secretary of State

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 11030 Santa Monica Blvd., Suite 109, Los Angeles, CA 90025. On July 6, 2026, I served the foregoing document described as **ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), (a)(4), AND (c)** as follows:

| | |
|---|---|
| David H. Chung<br>Renovo Law Group APC<br>111 N First Street, Suite 209<br>Burbank, CA 91502<br>david@macleanchung.com<br><br>*Attorney for Debtor TCR SERVICES, INC.* | David Keith Gottlieb<br>21650 W Oxnard Street, #500<br>Woodland Hills, CA 91367<br>dkgtrustee@dkgallc.com<br><br><br>*Trustee* |
| Daren M. Schlecter<br>Law Office of Daren M. Schlecter<br>10866 Wilshire Blvd., Suite 1270<br>Los Angeles, CA 90024<br>daren@schlecterlaw.com<br><br>*Attorney for Creditor SWIFT FINANCIAL, LLC* | *United States Trustee*<br>*915 Wilshire Blvd., Suite 1850*<br>*Los Angeles, CA 90017*<br>*ustpregion16.ndecf@usdoj.gov*<br><br><br>*U.S. Trustee* |
| | |

**1.     BY ELECTRONIC TRANSMISSION ONLY**

[X]     I sent the attached document by electronic mail to the address(es) above and to all addresses as contained in the PACER/ECF portal.

Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/6/26 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David H Chung on behalf of Debtor Keri Leigh McCree: david@macleanchung.com, 2407187420@filings.docketbird.com; ecf@macleanchung.com; R47314@notify.bestcase.com

David H Chung on behalf of Joint Debtor Casey James McCree: david@macleanchung.com, 2407187420@filings.docketbird.com; ecf@macleanchung.com;R47314@notify.bestcase.com

Amy L Goldman (TR) marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com; ecf.alert+Goldman@titlexi.com

Rosemary Hong on behalf of Creditor Mechanics Bank bknotice@mccarthyholthus.com

Rosemary Hong on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com

United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:**

-10-
**ADVERSARY COMPLAINT**

On (*date*) 7/6/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed:

Keri Leigh McCree, 295 Knoll Ridge Rd., Simi Valley, CA 93065 (Debtor)
Casey James McCree, 295 Knoll Ridge Rd., Simi Valley, CA 93065 (Debtor)
Amy L. Goldman, 633 W 5th Street, Suite 4000, Los Angeles, CA 90071 (chapter 7 trustee)

No Chambers Copy Per Courtroom Policies and Procedures

[X]    (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: July 6, 2026    _____
                                    Adriana Hernandez

-11-
**ADVERSARY COMPLAINT**